IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JACKSON KITCHENS,

    Plaintiff,                              No. CIV S-04-1206 MCE PAN P

    vs.

PAT HOUGE, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis seeking relief pursuant to 42 U.S.C. § 1983.  On March 8, 2006, the court gave plaintiff 45 days to explain why defendant Parsi should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On March 20, 2006, plaintiff responded.

        Service of process must be effected within 120 days of the filing of the complaint unless plaintiff demonstrates good cause.  Fed. R. Civ. P. 4(m).  While the fact of proceeding without counsel in itself does not excuse delay in service, the court must give a plaintiff so proceeding considerable leeway in the time permitted for effecting service of process.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).  Circumstances outside plaintiff's control,

/////

such as interference by or negligence of prison officials, the U.S. Marshal (or even the court) constitute good cause.  <u>McGuckin v. Smith</u>,  at 1056.

      Plaintiff filed his complaint on May 6, 2004.  On March 23, 2005, the court directed plaintiff to submit information necessary to serve process on defendants and on April 13, 2005, plaintiff complied.  On April 27, 2005, the court directed the United States Marshal Service to serve process on defendant Parisi, who plaintiff believed to be employed at Corcoran State Prison.  On July 1, 2005, the Marshal returned service unexecuted as to defendant Parisi because there was "no defendant by this name on the CDC roster."

      On November 9, 2005, the court directed plaintiff to submit new information to serve process on defendant Parisi.  On December 2, 2005, plaintiff complied and so on December 8, 2005, the court directed the Marshal to serve process on this defendant, who plaintiff believed to be employed at Wasco State Prison.  Process was returned unexecuted January 25, 2006, because CDC had no information on the whereabouts of this defendant.

      Plaintiff asserts that defendant Parsi should not be dismissed because of the extent of this defendant's involvement in the alleged constitutional violations.

      The court does not count against plaintiff the time from May 6, 2004, until March 23, 2005, because plaintiff commenced this action in the wrong venue and then was directed either to pay the filing fee or seek leave to proceed in forma pauperis.  But the total time from March 23, 2005, until July 1, 2005, and from November 9, 2005, until January 25, 2006, exceeds 120 days.  Even though service was returned the first time because CDC could not find any record of a Ben Parisi, plaintiff's second set of instructions for service stated this defendant could be located within the CDC system.  Plaintiff has not shown any negligence or interference from outsiders has prevented him from locating this defendant and he still has claims against other defendants arising from the same events, transactions or occurrences.

/////

/////

1  For these reasons, the court finds plaintiff has failed to show good cause.

2  According, IT IS HEREBY RECOMMENDED that defendant Ben Parisi be
3  dismissed without prejudice from this action.

4  These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
6  after being served with these findings and recommendations, plaintiff may file written objections.
7  The document should be captioned "Objections to Magistrate Judge's Findings and
8  Recommendations."  Failure to file objections within the specified time may waive the right to
9  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: April 25, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\kitc1206.f&r 4m