IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JACKSON KITCHENS,

    Plaintiff,                    No. CIV S-04-1206 MCE PAN P

    vs.

PAT HOUGE, et al.,              <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is an individual serving a term of civil commitment pursuant to California's Sexually Violent Predators Act, Welf. & Inst. Code §§ 6600 et seq. On October 27, 2005, plaintiff filed a motion for entry of default and a motion styled as a motion for summary judgment which the court construes as a motion for default judgment pursuant to Fed. R. Civ. P. 55. Plaintiff seeks entry of default and default judgment against all defendants in this action except defendant Diggs on the ground that they have failed to answer or otherwise respond to the complaint.[1]

        On April 27, 2005, the court ordered the United States Marshal to serve process on defendants Diggs, Parisi, Mayberg, Daly, Houge, Coles and Goldberg. On August 24, 2005, defendants Daly, Houge, Coles and Goldberg filed an answer to the complaint. For that reason,

---

[1] Plaintiff's motion to dismiss defendant Diggs from this action was granted by order filed March 3, 2006.

neither entry of default nor default judgment is proper as to those defendants. See Fed. R. Civ. P. 55. There is no evidence in the record that defendant Mayberg has been served with process, and the record affirmatively reflects that defendant Parisi has not been served with process.[2] Absent proof of such service neither entry of default nor default judgment is proper as to these two defendants.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's October 27, 2005 motion for entry of default is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's October 27, 2005 motion for summary judgment be construed as a motion for default judgment and, so construed, that said motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2006.

UNITED STATES MAGISTRATE JUDGE

12
kitc1206.def

---

[2] The court has recommended dismissal of defendant Parisi pursuant to Fed. R. Civ. P. 4(m).