IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JACKSON KITCHENS,

       Plaintiff,                      No. CIV S-04-1206 MCE PAN P

    vs.

PAT HOUGE, et al.,

       Defendants.             <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

       On April 27, 2005, the court ordered the United States Marshal to serve process upon, <u>inter alia</u>, defendant Stephen Mayberg in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on any defendant.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on that defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

/////

On December 1, 2005, the United States Marshal filed a return of service with a USM-285 form showing total charges of $53.00 for effecting personal service on defendant Mayberg.[1] The form shows that a waiver of service form was mailed to the defendant on June 23, 2005, and that no response was received.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendant Mayberg was given the opportunity required by Rule 4(d)(2) to waive service and has failed to comply with the request. Accordingly, defendant Mayberg will be required to pay the costs of personal service in this action.

Pursuant to Fed. R. Civ. P. 12(a), defendant Mayberg's response to plaintiff's complaint was due within twenty days from the date service was effected. That period has expired and defendant Mayberg has not filed a response to the complaint. Accordingly, defendant Mayberg will be directed to show cause within ten days why his default should not be entered.

On May 30, 2006, plaintiff filed a document styled as a request for leave to serve discovery on "non-named" persons and for clarification of the status of defendants in this action. Appended to the request is a letter dated May 8, 2006 from defense counsel returning to plaintiff discovery requests directed by plaintiff to Stephen Mayberg and Ben Parsi. Although both of

---

[1] Personal service was effected on defendant Mayberg on November 29, 2005 through acceptance by an individual identified as "JA Keith Turk, Legal Assistant."

these individuals were named as defendants in this action,[2] in accordance with findings and recommendations filed concurrently with this order, this action should be dismissed without prejudice. Plaintiff's May 30, 2006 request will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendant Mayberg shall pay to the United States Marshal the sum of $53.00, unless within that time defendant files a written statement showing good cause for his failure to waive service. The court does not intend to extend this fourteen day period.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

3. The Clerk of the Court is directed to serve a copy of this order by certified mail on Stephen Mayberg, Director, California Department of Mental Health, 1600 9th Street, Sacramento, California 95814.

4. Plaintiff's May 30, 2006 request is denied.

DATED: July 31, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12/mp
kitc1206.taxcost

---

[2] Defendant Parisi was never served with process and was dismissed by order filed June 1, 2006.

3