1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM JACKSON KITCHENS,

11          Plaintiff,                    No. CIV S-04-1206 MCE PAN P

12      vs.

13   PAT HOUGE, et al.,                   ORDER

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is an individual serving a term of civil commitment pursuant to

17   California's Sexually Violent Predators Act (SVPA), Welf. & Inst. Code §§ 6600 et seq.

18   proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

19   On October 27, 2005, plaintiff filed a motion for entry of default and a motion styled as a motion

20   for summary judgment which the court construes as a motion for default judgment pursuant to

21   Fed. R. Civ. P. 55.  Plaintiff seeks entry of default and default judgment against all defendants in

22   this action except defendant Diggs on the ground that they have failed to answer or otherwise

23   respond to the complaint.[1]  On May 31, 2006, this court issued an order and findings and

24   recommendations denying plaintiff's motion for entry of default and recommending denial of

25   plaintiff's motion for default judgment.

26          [1] Plaintiff's motion to dismiss defendant Diggs from this action was granted by order
     filed March 3, 2006.

1    In those findings and recommendations, the court found that there was no

2  evidence in the record that defendant Mayberg had been served with process.  Subsequent review

3  of the record shows that on December 1, 2005 the United States Marshal filed a return of service

4  showing that personal service had been executed on defendant Mayberg on November 29, 2005.[2]

5  It further appears that defendant Mayberg has not responded in any way to the complaint.  Good

6  cause appearing, the May 31, 2006 order and findings and recommendations will be vacated.  For

7  the reasons set forth infra, this action should be dismissed pursuant to the rule announced in

8  Heck v. Humphrey, 512 U.S.  477 (1994) and its progeny.  Accordingly, the court will not order

9  entry of defendant Mayberg's default and will recommend denial of plaintiff's motion for default

10  judgment and dismissal of this action without prejudice.

11    The in forma pauperis statute requires the court to dismiss an action "at any time

12  if the court determines that," inter alia, the action "fails to state a claim upon which relief may be

13  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint, or portion thereof, should only be

14  dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt

15  that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

16  relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.

17  41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.

18  1981).  In reviewing a complaint under this standard, the court must accept as true the allegations

19  of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

20  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

21  the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22    The claims in plaintiff's complaint arise out of alleged events in 2002 in

23  connection with the commencement and prosecution of civil commitment proceedings against

24  plaintiff under the SVPA.  Plaintiff's complaint contains the following allegations against the

25

26

---

[2]  Service was accepted for defendant Mayberg by "JA Keith Turk/Legal Assistant."

1   individual named defendants.[3]  Defendant Pat Houge, a parole agent, violated plaintiff's right to

2   due process by "erroneously determining plaintiff met the California Department of Corrections

3   (CDC) criteria as a potentially Sexually Violent Predator" and incorrectly completed a screening

4   form, "thereby illegally initiating the Involuntary Civil Commitment Process" against plaintiff.

5   (Complaint, filed May 6, 2004, at 3.)  Defendant Carol Daly, Chairman of the California Board

6   of Prison Terms, contributed to this due process violation by notifying the California Department

7   of Mental Health that plaintiff "met the first level Sexually Violent Predator criteria. . . ." (Id.)

8   Defendant Stephen Mayberg, Executive Director of the California Department of Mental Health

9   (DMH) relied on the erroneous recommendations of CDC and DMH officials and recommended

10   a petition for involuntary commitment be filed against plaintiff.  (Id. at 3.1.)  Defendants Dr.

11   Harry Goldberg and Dr. Jeremy Coles relied on documents in plaintiff's CDC Central File to

12   arrive at an opinion, not supported by the law, that plaintiff was a sexually violent predator

13   within the meaning of the state statute.  Plaintiff claims that all of the foregoing actions violated

14   his right to due process and caused an unlawful deprivation of his liberty.  Plaintiff seeks money

15   damages and a "definitive declaration of the rights of the plaintiff as a citizen and as a patient

16   pursuant to 42 U.S.C. § 9501 (Patient's Bill of Rights)." (Id.at 6.)

17         In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held

18   that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional

19   conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence

20   has been reversed on direct appeal, expunged by executive order, declared invalid by a state

21   tribunal authorized to make such determination, or called into question by a federal court's

22   issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the

23   court is required to determine whether a judgment in plaintiff's favor in this case would

24   necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be

25   dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

26

       [3] Two defendants, Jeff Diggs and Ben Parisi, have been dismissed from this action and the allegations against said defendants need not be set forth herein.

In June 2005, the United States Court of Appeals for the Ninth Circuit held that the rule announced in Heck applies to claims for money damages and declaratory relief that implicate the validity of civil commitment proceedings under California's Sexually Violent Predators Act.  See Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005).  In Huftile, the court of appeals held that a claim against a doctor arising from an evaluation prepared for commitment proceedings under the SVPA and testimony offered in those proceedings was barred by the rule announced in Heck,  See  Huftile, at 1138-1141.  The Huftile court made the following findings:

> The district court record does not include a transcript of Huftile's civil commitment proceeding. However, the structure of the SVPA statutory scheme indicates that the success of Huftile's § 1983 claim would necessarily imply the invalidity of his civil commitment. Before the California Director of Mental Health can forward a request for an SVPA commitment petition to the appropriate county, two evaluators must agree that "the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody." Cal. Welf. & Inst. Code § 6601(d).  An attorney for that county may then file a petition for commitment. Id. § 6601(I).  A judge must then review this petition to determine whether there is probable cause to believe that the person "is likely to engage in sexually violent predatory criminal behavior" upon release.  Id. § 6602(a). Because Dr. Miccio-Fonseca was one of Haughtily's evaluators, a judgment in favor of Huftile in his § 1983 action would necessarily imply the invalidity of his civil commitment. That is, if only one evaluator, rather than two, had concluded that Huftile had a "mental disorder" within the meaning of § 6601(d), there would have been no basis for the state Director of Mental Health to send the request to the county, no basis for the county attorney to file a petition for commitment, and no basis for the judge to go forward with a probable cause determination.

Id. at 1141.

Plaintiff's claims in this action are against two individuals who forwarded his case to the California Department of Mental Health with a finding that plaintiff met the first level of criteria for commitment as a sexually violent predator, the Director of the Department of Mental Health who recommended commencement of civil commitment proceedings against plaintiff under the SVPA, and two evaluators who offered opinions that plaintiff met the statutory criteria

1  for commitment as a sexually violent predator.  Success on any of those claims would implicate

2  the validity of plaintiff's civil commitment term, which has not "been reversed on direct appeal,

3  expunged by executive order, declared invalid by a state tribunal authorized to make such

4  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

5  U.S.C. § 2254."  Heck, 512 U.S. at 486.  For these reasons, this should be dismissed without

6  prejudice.  See Haughtily, at 1142.[4]

7         On February 24, 2006, plaintiff filed a motion seeking injunctive relief on the

8  ground that Coalinga State Hospital, the state mental hospital where he is presently housed, has

9  no law library.  By order filed May 31, 2006, defendants were directed to respond to plaintiff's

10  motion.  On June 19, 2006, defendants filed a response.[5]

11         The legal principles applicable to a request for injunctive relief are well

12  established.  To prevail, the moving party must show either a likelihood of success on the merits

13  and the possibility of irreparable injury, or that serious questions are raised and the balance of

14  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

15  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

16  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

17  point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

18  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

19  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

20  court need not reach the issue of likelihood of success on the merits.  Id.

21  /////

22  /////

23

24      [4]  Unlike the plaintiff in Huftile, plaintiff here does not seek prospective injunctive relief,
so this entire action should be dismissed.  Cf. Huftile, at 1141.  The court finds nothing in this
25  record that necessarily precludes plaintiff from seeking federal habeas corpus relief from his civil
commitment pursuant to 28 U.S.C. § 2254.  See Huftile, at 1142.
26

    [5]  On June 30, 2006, plaintiff filed a request for an order compelling defendants' to
respond.  Plaintiff's request is moot and will therefore be denied.

1    Defendants have presented evidence that directly contravenes plaintiff's assertion

2   that Coaling State Hospital has no law library and that individuals housed at said institution have

3   no access to sources of federal law.  (See Ex. A to Defendants' Response to Plaintiff's Motion

4   for Judicial Review and Declaratory Injunctive Relief, filed June 19, 2006, Declaration of Gwen

5   Chen, Senior Librarian ("Chen Declaration").)  In particular, defendants' evidence shows that the

6   facility has a law library which provides individuals housed at the facility, including plaintiff,

7   with both traditional legal materials, "state-of-the-art touch screen legal research terminals" for

8   electronic access to both state and federal sources of law, and a paging system for "permissible

9   items" not otherwise available, which will be "retrieved from the California State Law Library"

10  within a few days of a request.  (Chen Declaration, at 2.)

11  Accordingly, plaintiff's motion should be denied.

12    In accordance with the foregoing, IT IS HEREBY ORDERED that:

13    1.  The order and findings and recommendations filed May 31, 2006 are vacated;

14    2.  Plaintiff's October 27, 2005 motion for entry of default is denied; and

15    IT IS HEREBY RECOMMENDED that:

16    1.  Plaintiff's October 27, 2005 motion for summary judgment be construed as a

17  motion for default judgment and, so construed, that said motion be denied;

18    2.  Plaintiff's February 24, 2006 motion be denied; and

19    3.  This action be dismissed without prejudice.

20    These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

25  /////

26  /////

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2006.

UNITED STATES MAGISTRATE JUDGE

12

kitc1206.57